## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL INTERNATIONAL RECYCLING AND WASTE SOLUTIONS LLC,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 4:20CV1757 HEA** |
| | ) | |
| **REBECCA LAWSON, et al.,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Sofia Welsh and Golden Bear
Recycling LLC's Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No.
16]. Plaintiff opposes the motion. Briefing is complete. For the reasons set forth
below, the Motion is granted.

### Facts and Background

Plaintiff filed a seven-count Complaint against defendants for Breach of
Contract, (Count I-Rebecca Lawson); tortious interference with contract, (Count II-
Sofia Welsh and Golden Bear); tortious interference with business expectancies),
(Count III-all defendants); preliminary and permanent injunctive relief (Count IV-
all defendants); unjust enrichment, (Count V-Golden Bear); civil conspiracy,

(Count VI-all defendants); and violation of Missouri Computer Tampering act R.S.Mo. §§ 569.095, 537.525-Welsh and Lawson).

Plaintiff's Complaint, alleges the following:[1]

Defendants Welsh and Lawson were formerly employed by Plaintiff to solicit customers for its industrial recycling business and to provide those customers with customer service support. Lawson signed a Confidentiality and Non-Solicitation Agreement in which she agreed to refrain from using or disclosing Plaintiff's confidential information and from inducing Plaintiff's customers to diminish or terminate their relationships with Plaintiff's business.

In the fall of 2020, Welsh, and shortly thereafter, Lawson resigned to accept comparable employment with Defendant Golden Bear Recycling LLC, a direct competitor of Plaintiff. Welsh and Lawson deleted all data from their Federal computers prior to resignation. Allegedly, they immediately began to act in concert to solicit and induce Plaintiff's customers to diminish or terminate their relationship with Plaintiff in order to benefit themselves and their new employer, Golden Bear. By working together, the individual defendants were able to provide services from order through fulfillment that neither would have been able to provide without the other.

---

[1] The recitation of facts is taken from Plaintiff's Complaint and are set forth for the purposes of this motion only; it in no way relieves the parties of the necessary proof thereof in later proceedings.

Despite Plaintiff's demands that defendants return all proprietary information and immediately cease the allegedly improper solicitation of Plaintiff's customers, defendants have continued to exploit their knowledge of Plaintiff's customer preferences and other confidential information in order to violate Plaintiff's contractual and common law rights.

Plaintiff is a Missouri limited liability company, with its principal place of business in St. Louis, Missouri. Lawson is a resident of Illinois, with her primary residence in Hamel, Illinois.  Welsh is a resident of Texas, with her primary residence in El Paso, Texas.  Golden Bear is a Maryland limited liability corporation registered to transact business in Maryland.  Its principal place of business is in Williamsport, Maryland.

With respect to personal jurisdiction, Plaintiff alleges jurisdiction is proper under the Missouri Long Arm statute because defendants have transacted, and continue to transact, business within Missouri; Lawson has entered into a contract with Plaintiff in Missouri and, on information and belief, defendants have each entered into contracts in Missouri; and defendants have committed and continue to commit tortious actions within Missouri.  Plaintiff also alleges defendants have had meaningful and continuing contacts with Missouri; these contacts were numerous and regularly continue; the contacts were, and continue to be, primarily for the purpose of conducting business on behalf of or in competition with Plaintiff, and

are therefor directly related to the cause of action; Missouri has a strong interest in providing a forum for Plaintiff; and attaching jurisdiction will result in minimal inconvenience to the parties evidenced by their regular preexisting presence and transactions in Missouri.

Further, Plaintiff asserts that a substantial portion of the acts and harm giving rise to the claims occurred in Missouri: Lawson worked for Plaintiff in Missouri; Lawson and Plaintiff entered into the Agreement in Missouri; the Agreement specifies Missouri law will apply to enforcement; Lawson and Welsh destroyed Plaintiff's data before returning their company-issued electronic devices to Plaintiff's Missouri headquarters; defendants solicited Plaintiff's customers for business in Missouri; defendants regularly conducted, and continue to conduct, business in Missouri on behalf of, or in competition with Plaintiff; Welsh and Lawson regularly visited and conducted business at Plaintiff's Missouri headquarters; Lawson and Welsh regularly accepted wages from Plaintiff and regularly paid taxes to the State of Missouri; Welsh regularly submitted requests for reimbursement to, and received reimbursement from, Plaintiff.  Plaintiff claims defendants have purposefully directed harm to Plaintiff and the state of Missouri because they intentionally engaged, and continue to engage, in conduct harmful to Plaintiff while fully aware Plaintiff is a Missouri resident: Lawson's ongoing breach of the Agreement; Golden Bear and Welsh's ongoing tortious interference

with Plaintiff's rights and interests in its Missouri contract with Lawson; defendants' purposeful solicitation of Plaintiff's customers through improper use of Plaintiff's confidential information and exploitation of Lawson's ongoing breach of the Agreement; defendants' tortious interference with Plaintiff's business expectancies with its customers including Fourth Generation Recycling Inc., Curbside, Inc., U.S. Green Fiber, Donco Recycling Solutions, and Master Fibers.

Defendants Welsh and Golden Bear move to dismiss for lack of personal jurisdiction.

## Legal Standard

"To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Dairy Farmer of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474-5 (8th Cir. 2012). If the defendant denies jurisdiction, "the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id.* A court can exercise either specific or general personal jurisdiction over a defendant.

"Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Marine Concepts, LLC v. Marco Canvas & Upholstery, LLC*, 2015 WL 403078 at *2

(W.D.Mo. 2015), quoting *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KC*, 646 F3d 589, 593 (8th Cir. 2011) (citations and internal quotations omitted).

"A district court may exercise specific jurisdiction over an out-of-state defendant only to the extent permitted by the state's long-arm statute and the Constitution's due process clause." *Federated Mut. Ins. Co. v. FedNat Holding Co*., 928 F.3d 718, 720 (8th Cir. 2019)." *Morningside Church, Inc. v. Rutledge*, No. 20-2954, 2021 WL 3556096, at *3–5 (8th Cir. Aug. 12, 2021).

## Discussion

Specific jurisdiction "encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 134 S. Ct. 746, 748-49 (2014). It is undisputed the moving defendants are not residents of Missouri. "When assessing whether personal jurisdiction exists over a nonresident defendant, jurisdiction must be authorized by Missouri's long arm statute and the defendant must have sufficient minimum contacts with the forum state to satisfy due process." *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 911 (8th Cir. 2014). Plaintiff's Complaint satisfies neither.

The relevant portions of Missouri's long arm statute provide:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the

jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

RSMo. § 506.600. "In all instances, the long-arm statute requires that the cause of action arise from the doing of the enumerated act" in or directed at the state of Missouri. *Rafferty v. Rafferty*, 2016 WL 319593, at *2 (E.D. Mo. 2016).

In support of their motion, Welsh, and Golden Bear, through its President, have submitted their affidavits.  Plaintiff has submitted the affidavit of its Chief Executive Officer and President.

**Defendant Welsh**

Welsh's affidavit sets forth the following:

Welsh is a resident of Texas. Welsh was employed by Plaintiff until September 23, 2020. While employed by Plaintiff, Welsh teleworked from her home in Texas and did not work in Missouri. Welsh is presently employed by Golden Bear and continues to telework from her home in Texas. Welsh has not engaged in any business transactions in Missouri for her own benefit. To the extent that Welsh engaged in any business transactions in Missouri prior to terminating her employment with Plaintiff, those business transactions were done solely on behalf of Plaintiff and while she was acting in her capacity as an agent of Plaintiff. Prior to the filing of this action, Welsh had not transacted any business in Missouri on behalf of Golden Bear. Since the filing of this action, Welsh has had a few communications with a non-Missouri based supplier with a recycling facility located in Missouri, whose

relationship with Golden Bear preexisted Welsh's employment with Golden Bear, regarding product located in Missouri for a non-Missouri based Golden Bear customer. Welsh has not entered into a contract in Missouri personally or on behalf of Golden Bear. Welsh's last visit to Missouri was September 18, 2018, while employed by Plaintiff. Before that time, Welsh only traveled to Missouri once a year for Plaintiff's yearly sales meeting.  Welsh has not traveled to Missouri on behalf of Golden Bear. Welsh has not accepted or requested wages or reimbursements from any Missouri resident, or paid any taxes to Missouri, since she terminated her employment with Plaintiff. Welsh has not purposefully directed harm to Plaintiff or Missouri, either personally or on behalf of Golden Bear. Welsh has not contacted, via telephone, email or otherwise, any suppliers, customers or prospective customers in Missouri while acting on behalf of Golden Bear or individually, except as previously set forth above.

Welsh has never committed a tortious action within Missouri. Since terminating her employment with Plaintiff, Welsh has not contacted the Customers for any purpose other than to protect Golden Bear's own valid economic interests, and any such contact consisted of normal competitive conduct. Welsh has not engaged in any wrongful act and did not use any wrongful means in contacting the Customers or in doing business with the Customers on behalf of Golden Bear. Welsh has not encouraged, required or induced Defendant Lawson to engage in any conduct or action that would constitute a breach of Lawson's Confidentiality and Non-Solicitation Agreement (the "Contract").

The allegations in the Complaint, together with Welsh's affidavit in which Welsh denies entering into any contracts in Missouri and denies any interaction with Lawson to breach the Agreement, fail to establish personal jurisdiction over Defendant Welsh.  This Court, in this diversity case must determine whether [the] defendant is subject to the court's jurisdiction under

8

the state long-arm statute, and if so, whether exercise of that jurisdiction comports with due process." *Moog World Trade Corp. v. Bancomer, S.A.,* 90 F.3d 1382, 1384 (8th Cir. 1996). The plaintiff bears the ultimate burden of proof on the issue of jurisdiction. *Epps v. Stewart Info. Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003).  Here, the allegations of Welsh's Missouri contacts essentially all arose prior to the termination of Welsh's employment with Plaintiff while the alleged tortious interference with Plaintiff's contract with Lawson and the tortious interference with Plaintiff's business expectancies occurred *after* Welsh's employment with Plaintiff. Any contacts with Plaintiff's customers arose because these entities are also pre-existing customers of Golden Bear or the contact occurred in states other than Missouri.

Welsh's admission that she emailed copies of a customer list and pricing sheet to her personal email and previously emailed "report cards" does not establish any basis for personal jurisdiction.  Welsh avers she has not accessed any of the documents she emailed to herself from Plaintiff's network server, thereby defeating any claims that Welsh performed any tortious acts.

9

Plaintiff claims that Lawson and Welsh provided services on behalf of Plaintiff to its customer, Donco Recycling Solutions.  Plaintiff claimed they obtained proprietary information about Donco and in December 2020, Lawson provided identical or substantially similar services to Donco on behalf of Golden Bear with respect to a transaction in Joplin, Missouri. Defendants' affidavits establish that Donco was a preexisting customer of Golden Bear, that no proprietary information was used and that the load was not even picked up. Additionally, the customer is a non-Missouri resident. Plaintiff has failed to make a *prima facie* showing of personal jurisdiction over Welsh.

**Golden Bear**

The affidavit submitted by Golden Bear's President establishes the following:

> Golden Bear is a Maryland S-corporation. Golden Bear is not registered to do business in Missouri. With respect to Plaintiff's allegations of Missouri contacts, prior to the filing of this action, Golden Bear had not transacted any business in Missouri. Since the filing of this action, a Golden Bear employee had a few communications with a non-Missouri based supplier with a recycling facility located in Missouri, whose relationship with Golden Bear preexisted Welsh's and Lawson's employment with Golden Bear, regarding product located in Missouri for a non-Missouri based Golden Bear customer. Except for the aforementioned single interaction, no employees, officers, or members of Golden Bear have

transacted any business in Missouri on behalf of Golden Bear or have solicited any suppliers, customers or potential customers that are located in Missouri on behalf of Golden Bear. Upon information and belief, no employees, officers or directors of Golden Bear acting on behalf of Golden Bear contacted, via telephone, email or otherwise, Plaintiff's Customers within Missouri. Upon information and belief, none of the Customers are located in Missouri. No employees, officers or members of Golden Bear have traveled to Missouri on behalf of Golden Bear or entered into a contract in Missouri on behalf of Golden Bear.

Neither Golden Bear nor any employees, officers or directors of Golden Bear acting on behalf of Golden Bear have purposefully directed harm to Plaintiff or Missouri and have not committed any tortious actions within Missouri. Any contact by any employees, officers or directors of Golden Bear acting on behalf of Golden Bear with the Customers was done solely for the purpose of protecting Golden Bear's own valid economic interests and consisted of normal competitive conduct. No employees, officers or directors of Golden Bear acting on behalf of Golden Bear engaged in any wrongful act and did not use any wrongful means in contacting the Customers or in doing business with the Customers. No employees, officers or directors of Golden Bear acting on behalf of Golden Bear encouraged, required or induced Lawson to engage in any conduct or action that would constitute a breach of Lawson's Contract.

Specific personal jurisdiction over Golden Bear is not proper in Missouri.

Defendant Golden Bear has done nothing within the State of Missouri to establish it is within the reach of the Long Arm Statute.  As discussed above, the one instance of a possible act within Missouri, the Donco emails, Donco was a customer of Golden Bear prior to Welsh and Lawson securing employment with Golden Bear.  Indeed, for the purposes of the transaction, Donco was the Paper

Chase Broker's customer, not Golden Bear's customer.  Although the products were located in Missouri, the salient fact is that Golden Bear merely arranged pick up; it did not enter Missouri for that pickup.  The Paper Chase Broker contacted Golden Bear, and the Paper Chase Broker communicated with Welsh regarding pricing and other arrangements regarding the paper Donco's Customer had in Joplin Missouri.  Furthermore, the potential transaction referenced in the Donco email did not occur.

The record before the Court fails to set forth a *prima facie* showing of personal jurisdiction over either Welsh or Golden Bear.  Plaintiff's conclusory claims of actions taken within Missouri are insufficient to controvert the affidavits.  Neither Welsh nor Golden Bear have taken any actions within the State of Missouri to fall within the reach of the Long Arm Statute.  As such, the Court's analysis progresses no further to whether exercising personal jurisdiction over the moving defendant comports with the Due Process Clause of the Constitution.[2]

---

[2] In the event that a defendant's actions fall within the reach of the Long Arm Statute, the Court would then proceed to the due process analysis.

A district court may exercise specific jurisdiction over an out-of-state defendant only to the extent permitted by the state's long-arm statute and the Constitution's due process clause." *Federated Mut. Ins. Co. v. FedNat Holding Co.*, 928 F.3d 718, 720 (8th Cir. 2019). For the purposes of this appeal, we will assume that the defendants fell under Missouri's long-arm statute by "commi[tting] a tortious act within" the state. Mo. Rev. Stat. § 506.500.1(3). "Our task, then, is to determine whether the exercise of personal jurisdiction comports with due process." *Henry Law Firm v. Cuker Interactive, LLC*, 950 F.3d 528, 532 (8th Cir. 2020); see also *Eagle Tech. v. Expander Ams., Inc.,* 783 F.3d 1131, 1136 (8th Cir. 2015) ("Because the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause, we turn immediately to the question whether the assertion of personal jurisdiction

**Conclusion**

Based on the facts in the case and allegations in Plaintiff's Complaint,

personal jurisdiction is improper over Welsh and Golden Bear. The Complaint fails

to establish specific or general jurisdiction over these defendants Therefore, Welsh

and Golden Bear's Motion to Dismiss for Lack of Jurisdiction is well taken.

Accordingly, Defendants Welsh and Golden Bear's Motion to Dismiss,

---

would violate the due process clause." (quoting *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004) (cleaned up)).

"Due process requires that a defendant have certain 'minimum contacts' with the forum State for the State to exercise specific jurisdiction." *Creative Calling Sols., Inc. v. LF Beauty Ltd*., 799 F.3d 975, 980 (8th Cir. 2015). The defendant's connection with the forum state must "be more than random, fortuitous, or attenuated, and must permit the defendant to reasonably anticipate being haled into court there." *Id*. (cleaned up). The contacts therefore have to be based on "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Federated Mut*., 928 F.3d at 720 (*quoting Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014)). In this circuit, we apply a "five-factor test for assessing the sufficiency of a defendant's contacts," considering: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties." *Id.* (cleaned up). The first three factors are "of primary importance," while the fourth and fifth factors "carry less weight." *Whaley*, 946 F.3d at 452 (cleaned up).

*Morningside Church, Inc. v. Rutledge*, No. 20-2954, 2021 WL 3556096, at *3–5 (8th Cir. Aug. 12, 2021).

13

[Doc. No. 16] is **GRANTED**, and Plaintiff's Complaint against them is dismissed.

Dated this 19th  day of August 2021.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE